ANTONIO RUGGIERO *vs.* MICHAEL ZEOLI *et ux.*

MARCH 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This action for breach of a covenant in a lease was tried before a justice of the superior court, sitting with a jury. The parties tried the case as a fact case. The trial justice so considered it and, at the close of the evidence, denied defendants' motion for a directed verdict. However, after the close of arguments to the jury he, on his own initiative, directed a verdict for the defendants. The plaintiff excepted to this ruling and the case is here on that exception.

Plaintiff based his claim of breach of covenant by the defendants on their failure to give him possession of a certain store at 555 Charles street, in the city of Providence, in accordance with the terms of a lease entered into between them. Defendants defended on the ground that it was agreed that the plaintiff was not to be given possession of the store until it was vacated by the tenant who was in possession at the time the lease was executed. The trial proceeded on the theory that evidence was necessary to explain a certain provision of the lease and both parties introduced evidence along that line.

The evidence showed that plaintiff and defendants executed this lease on December 11, 1935. At that time one Alick, or Alec, Pappas was occupying the store and claiming to have a lease by virtue of the following instrument which the defendants had given him:

"June 15 1934

I Mr & Mrs Michele Zeoli rent the Store at 555 Charles St Prov. R. I. to Mr. Alick Pappas for $30.00 pr month for one years time and the rest of the time $35.00 a month not over.

I Mr Michele Zeoli agree to Mr Alick Pappas to put up the partition repear the floor Windows and put in a toilet.

I Mr Alick Pappas pay a months rent to Mr & Mrs Michele Zeoli and rent starts from the day Store is complit and I receive key.

Carmela Zeoli
Michele Zeoli
Alec Pappas"

There also was evidence tending to show that at that time plaintiff was the tenant of the adjacent store at 557 Charles street and that he had been a neighbor of Pappas for over a year previously; that Pappas conducted a restaurant and plaintiff conducted a cafe; that the plaintiff had several conferences with the defendants and with the attorney who drafted the lease before it was finally agreed upon and executed; and that both parties to the lease understood, when they signed it, that the store would not be available for occupancy until Pappas vacated the premises or was ejected therefrom.

The lease provided in the habendum clause for a term of five years from the first day of February, 1936 to the first day of February, 1941. Later, in another paragraph of the lease among the covenants, the following clause appears: "This lease is dependent upon the premises being made ready for occupancy as soon as the present tenant has vacated from the premises and the lessors shall have had sufficient time and opportunity to repair and make the same ready for occupancy, in accordance with this lease; and in the event that any delay is encountered by reason thereof, then the rent under this lease shall not become due and payable until the first business day of the month succeeding the time that the premises have been completely repaired and otherwise made ready for occupancy according to the express provisions of this lease."

The real controversy between the parties revolves around the meaning of that clause and the reason for its inclusion in the lease. On this question the parties are in irreconcilable conflict. The defendant Carmela Zeoli testified that she informed the plaintiff, before he executed the lease, that Pappas had a written agreement with her about the rent of the store; that it was not a lease but that Pappas was claiming that it was; that she showed a copy of this agreement to the plaintiff before he executed the lease, and that he had later said, in the office of the lawyer who drew the lease, that the agreement did not "mean anything."

Plaintiff testified and admitted that this agreement was shown to him but not until after he had signed the lease and that he had made the above statement in the lawyer's office at that time; that he knew Pappas was in the leased premises but he did not know, until after the lease was signed, that Pappas had this agreement and that he, Pappas, was claiming that it was a lease. The testimony of the lawyer who drew the lease contradicts the plaintiff and is to the effect that this matter was the subject of considerable discussion before the lease was ever drawn; that he had advised Carmela Zeoli that he did not think the paper constituted a lease but a court of equity might hold it to be one. And he testified further that plaintiff was present when this conversation took place; that he advised sending Pappas a notice to quit the premises, which was done, and that the plaintiff knew about this also.

The evidence further shows that the defendants tried to eject Pappas from the store. They gave him notice to quit the store and thereafter sued him in an action of trespass and ejectment for his refusal to do so. That case was tried in the district court of the sixth judicial district and resulted in favor of Pappas. That decision was not appealed and became final. Thereafter the plaintiff here brought the instant case

for damages for failure of these defendants to give him possession of the leased premises.

The defendants contended that the inclusion of the above-quoted clause in the lease was the result of an understanding between the parties that the quittance of the store by Pappas or his ejectment therefrom was a condition precedent to the plaintiff being given possession under the lease. They admitted that it was their duty to try to obtain possession of the premises from Pappas if he did not surrender them on demand. They contended that there is no question that they did try to obtain possession when they brought their action of trespass and ejectment.

On the other hand, plaintiff contended that defendants had not tried as fully as they should since they did not take an appeal from the decision of the justice of the sixth district court. He contended further that defendants had not given Pappas a notice to quit at a time when he could have been ejected.

It is quite clear that there is a conflict in the evidence as to what were the circumstances under which these parties entered into the lease and agreed on the inclusion therein of the above-quoted clause. That conflict was one of fact to be decided by the jury, unless the lease and the written agreement with Pappas made this solely a matter of construction of these instruments without regard to any testimony by either party to the lease.

In view of the manner in which this case was tried, we are of the opinion that it became a question of fact, to be determined from the conflicting evidence, whether the defendants bound themselves absolutely to give plaintiff possession of the leased premises, or whether they bound themselves to give him possession only if they were able, after reasonable effort, to eject Pappas therefrom. The determination of this question clearly rested with the jury at the conclusion of all the evidence.

We are therefore of the opinion that it was error for the trial justice to direct a verdict for the defendants.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Francis A. Monti, Joseph H. Coen,* for plaintiff.

*William A. Heathman,* for defendant.